**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA DEJESUS BUSTAMANTE-ANAYA, AKA Maria Bustamante,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-71672<br><br>Agency No. A200-963-462<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Maria de Jesus Bustamante-Anaya, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's decision denying her application for withholding of

removal and relief under the Convention Against Torture ("CAT").   We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that the attack Bustamante-Anaya experienced in 1993 was not on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) ("to demonstrate that a protected ground was 'at least one central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts"). Substantial evidence also supports the agency's conclusion that her remaining experiences in Mexico did not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.') (citation omitted). Further, substantial evidence supports the agency's determination that Bustamante-Anaya failed to establish it is more likely than not she will face persecution in Mexico. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, her withholding of removal claim fails.

2

Finally, substantial evidence supports the agency's denial of Bustamante-Anaya's CAT claim because she failed to establish it is more likely than not she would be tortured by or with the consent or acquiescence of the Mexican government if returned.  *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**